YATES, Presiding Judge,
dissenting.
The parties in the present case were married for 26 years. Although the parties had no children of their own, the wife helped rear the husband’s three children from a previous marriage. During the marriage, the wife acted primarily as a housewife to the husband and as a mother to the husband’s children. The husband’s stevedoring job required him to work in various locations. The wife testified that the husband did not want her to work while the parties were married.
I note that the parties generally agreed to the division of the marital property. However, the trial court’s failure to award the wife any alimony has left her with no income to pay for the associated cost of maintaining that property. The husband testified that he believed the wife “deserves some alimony.” At the time of trial, the husband was 55 years old and had worked in the stevedoring business for 37 years. He earns $100,000 per year with a $10,000 annual bonus. I note that while the husband was in Mexico, he earned $224,900 annually. The wife was 51 years old at the time of trial, and has a high-school education. She has been employed briefly in the past as a beautician, a real *157 estate agent, a secretary, and an airplane-parts assembler. The wife has no health insurance and has had four surgeries on her leg. She testified that she will likely walk with a limp.
I believe the trial court abused its discretion in failing to award alimony; therefore, I must respectfully dissent. Cf. TenEyck v. TenEyck, 885 So.2d 146 (Ala.Civ.App.2003)(the former wife was entitled to periodic alimony, even though the alimony-in-gross award would cover a portion of the wife’s expenses; the wife would encounter expenses in setting up a new household and the wife was not employed full-time).